IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RITA G. HOLMES, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF ROBERT HOLMES, DECEASED                                                     PLAINTIFF

V.                                                          CIVIL ACTION NO. 4:11CV021-B-S

JERRY LAFAYETTE, FEDEX, INC., FEDEX
GROUND PACKAGING SYSTEMS, INC.,
TERRY MELTON, AND JOHN DOES 1 - 10                                            DEFENDANTS

**MEMORANDUM OPINION**

Presently before the court is the plaintiff's motion to remand and motion to dismiss. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

This action arises from a fatal accident which occurred on March 26, 2010, in Sunflower County, Mississippi. At 4:00 a.m. on that date, Robert Holmes was delivering a shipment for his employer to a Super Value store. The plaintiff alleges that Holmes stopped his truck in the turn lane of Highway 49 and turned on his flashers, as is allegedly a standard and customary practice. Holmes, a 55-year-old male, then stepped outside of his parked truck where, according to the plaintiff, he was struck by defendant Jerry Lafayette, who was driving a truck owned by defendant Terry Melton, an alleged subcontractor working with defendant FedEx.

The plaintiff originally filed this action in the Circuit Court of Sunflower County, Mississippi on February 7, 2011. Defendant FedEx subsequently removed the case to this court alleging diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. At the time of

removal, defendant Jerry Lafayette, a Mississippi resident, had not be served with process.[1] Lafayette was effectively served with process after removal and within the time limit provided by Fed. R. Civ. P. 4(m).

The plaintiff has now moved to remand. The plaintiff also filed a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) asking for dismissal in the event the court denies the plaintiff's motion to remand.

## Analysis

The plaintiff initially argued that the addition, with proper service, of defendant Lafayette, a Mississippi resident, defeated diversity jurisdiction. The plaintiff, a Michigan resident, later acknowledged her error, admitting that she confused the "forum-defendant" removal restriction found in 28 U.S.C. § 1441(b)(2) with subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. It is now uncontested that the court has subject matter jurisdiction, as this action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The "forum-defendant rule" provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The forum-defendant rule is a procedural requirement and is not jurisdictional. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 396 (5th Cir. 2009). The plain language of the statute provides that the forum defendant be "properly joined and served" to prevent removal. *See, e.g., Ott v. Consol. Freightways Corp. of Delaware*,

---

[1] Defendant Terry Melton, also a Mississippi resident, was not named as a defendant until the Amended Complaint was filed on March 30, 2011.

213 F. Supp. 2d 662, 666 (S.D. Miss. 2002). Defendant Lafayette had not been served at the time of removal, and thus the forum-defendant rule was not violated. The court, therefore, finds that removal was proper, and the plaintiff's motion to remand should be denied.

The court now turns to the plaintiff's motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364, at 165 (1971)). In the absence of plain legal prejudice, the court "should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor*, 279 F.3d at 317.

The defendants argue that they will suffer plain legal prejudice if the court allows voluntary dismissal because they have expended considerable resources in removing the case and in defending a baseless motion to remand and because they will suffer the loss of a federal forum. The court does not consider the plaintiff's motion to remand baseless. Further, loss of a federal forum does not appear to be the type of prejudice contemplated by the relevant case law to preclude voluntary dismissal. Because Rule 41(a)(2) motions for voluntary dismissal should be freely granted in the absence of plain legal prejudice, the court finds that the plaintiff's motion is well taken and should be granted.

<u>Conclusion</u>

For the foregoing reasons, the court finds that the plaintiff's motion to remand should be denied and that the plaintiff's motion to dismiss should be granted. A separate order in accord with this opinion shall issue this day.

This, the 21st day of February, 2013.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**