IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RITA G. HOLMES, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF ROBERT HOLMES, DECEASED                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 4:11CV021-B-S

JERRY LAFAYETTE, FEDEX
GROUND PACKAGING SYSTEMS, INC.,
TERRY MELTON, AND JOHN DOES 1 - 10                                           DEFENDANTS

## ORDER

Presently before the court is the defendants' motion to reconsider the court's memorandum opinion and order granting plaintiff's motion for voluntary dismissal. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court finds that the motion is not well taken and should be denied.

This action arises from a fatal accident which occurred on March 26, 2010, in Sunflower County, Mississippi. At 4:00 a.m. on that date, Robert Holmes was delivering a shipment for his employer to a Super Value store. The plaintiff alleges that Holmes stopped his truck in the turn lane of Highway 49 and turned on his flashers, as is allegedly a standard and customary practice. The plaintiff further alleges that Holmes then stepped out of his parked truck and was struck by defendant Jerry Lafayette, who was driving a truck owned by defendant Terry Melton, a subcontractor of defendant FedEx.

The plaintiff originally filed this action in the Circuit Court of Sunflower County, Mississippi on February 7, 2011. Defendant FedEx subsequently removed the case to this court alleging diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. At the time of

removal, defendant Jerry Lafayette, a Mississippi resident, had not be served with process.[1] Lafayette was effectively served with process after removal.

The plaintiff moved to remand and, alternatively, for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). The court denied the motion to remand but granted the motion for voluntary dismissal, finding that the defendants would not suffer "plain legal prejudice" by the dismissal. *See U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) ("As a general rule, motions for voluntary dismissal should be freely granted, absent some plain legal prejudice to the non-moving party.").

The defendants now move the court to reconsider its ruling granting the plaintiff's motion for voluntary dismissal. The defendants continue to assert that they will suffer plain legal prejudice and now additionally argue that they have a "substantial right" to a federal forum. Neither argument is appropriate in the context of this motion for reconsideration. The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

The only potential prejudice that has been shown in the case sub judice is the prospect of a second lawsuit. It is well-settled in this circuit that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice *other than the mere prospect of a second lawsuit*." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (emphasis added).

---

[1]Defendant Terry Melton, also a Mississippi resident, was not named as a defendant until the Amended Complaint was filed in this court on March 30, 2011.

For the foregoing reasons, the court finds that the defendants' motion to reconsider is not well taken, should be, and the same is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 7th day of August, 2013.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**